# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CR. NO. 2:18-cr-27-LSC |
| ) | (WO) |
| TREYVAUGHN THOMAS ) | |

## ORDER

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing was held on May 17, 2018. Thomas came into federal custody on May 8, 2018, after posting bond on state charges. For the following facts and reasons, the court concludes that the defendant should be detained pending trial in this case.

I find that the credible testimony and information including the Pretrial Services Report submitted at the hearing establishes that in May 2017 the defendant was arrested for the robbery of two individuals. According to the indictment Thomas represented that he was armed. These two robberies are the basis of Counts 1 and 2 of the indictment in this court. Four months later, while on bond, Thomas robbed a bank. Thomas handed a teller a note demanding money and stating he had a weapon. That robbery is the basis of Count 3 of the indictment in this court. On May 8, 2018, Thomas pled guilty to all three counts of the indictment. Thomas has a history of mental health difficulties with depression and anxiety. In short, Thomas' mental health instability and his commission of a crime while on bond indicate that he is a danger.

Based on the foregoing, the court concludes that there are no conditions or combination of conditions which will protect the community and that the defendant should be detained. In reaching this conclusion, the court has carefully considered as required by 18 U.S.C. § 3142(g) the nature and circumstances of the offense charged, the weight of the evidence against the defendant, the history and characteristics of the defendant as set forth in the Pretrial Services Report as well as the evidence adduced at the hearing and the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.

Therefore, it is ORDERED that the motion to detain be and is hereby GRANTED and that the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Done this 17th day of May, 2018.

_____
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE